**MODIFY, REFORM, and AFFIRM; and Opinion Filed July 8, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-12-00057-CR

No. 05-12-00058-CR

**LARRY EUGENE FINNEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-41136-Y and F11-00250-Y**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

A jury convicted appellant Larry Eugene Finney of aggravated assault of a public servant with a deadly weapon (cause number F09-41136-Y) and evading arrest or detention (cause number F11-00250-Y). He was sentenced in each case to seventy-five years' imprisonment. On appeal, he challenges the trial court's admission of an extraneous offense and the court-ordered payment of attorney's fees. We modify the judgment in cause number F09-41136-Y to delete the court-ordered attorney's fees, but in all other respects, affirm the trial court's judgments.

**Factual Background**

On August 7, 2009, Officer Daniel Hargrove was working off-duty as a security officer for the Starplex movie theater in Mesquite, Texas. He observed a car parked near the ticket booth blaring loud music. He motioned to the driver to turn down the music. Officer Hargrove

approached the car and told appellant he was parked in a fire lane and needed to move. At that time, Officer Hargrove noticed a faint smell of marijuana coming from the car. Officer Hargrove testified that as he looked inside the vehicle, appellant began to get agitated and said, "I'm just going to get out of here, man. I'm just going to leave." Officer Hargrove said that in his experience this indicated appellant had something to hide, or he had a warrant out for his arrest.

Officer Hargrove asked appellant for his car keys several times. Rather than cooperate, appellant began reaching between the car seats. Officer Hargrove thought appellant was trying to grab a weapon or something else that could cause injury. He testified he believed he had two options: (1) draw his weapon, drop back, and try to protect the other movie goers from potential danger or (2) physically grab appellant and prevent him from grabbing whatever he was reaching for. Officer Hargrove decided to grab appellant.

Appellant hit Officer Hargrove in the face with what he described as "a big piece of metal." Then the car started moving with Officer Hargrove's body still partially inside the window. He did not think the car went further than ten feet before appellant hit his arm and caused him to fall to the concrete. The fall caused Officer Hargrove's head to bleed. He required medical attention to treat a malar fracture to his eye, a hairline fracture to his collarbone, and a torn rotator cuff.

Officer John Nance received the officer-in-distress call on the night in question and began searching in the direction appellant fled from the movie theater. He spotted appellant's car and began pursuit. Appellant eventually exited his car and proceeded to run on foot. Officer Nance lost sight of appellant, but other officers in the area eventually found appellant hiding under a tarp.

When officers detained him, they discovered three baggies of marijuana in his left cargo pants pocket. When appellant's car was later searched, marijuana was found in the trunk, in the

door behind the driver's seat, and in the driver's seat. In the glove compartment, officers discovered some documents, books, a digital scale, and a camera. Appellant was arrested and charged with aggravated assault of a public servant with a deadly weapon (cause number F09-41136-Y) and evading arrest or detention (cause number F11-00250-Y).

Before trial, appellant filed a motion to suppress the marijuana found on his person and in his car. The trial court overruled the motion and ruled "the marijuana evidence will be admitted into this case as inextricably intertwined with the offense." The trial court further noted that even if the evidence was not inextricably intertwined, it "would also admit it under Rule 404(b), perform the required balancing test under *Beechum*, find it's more probative than prejudicial and believe that it goes to show plan and motive for evasion and so forth."

The jury found appellant guilty of each charged offense and sentenced him to seventy-five years' confinement for each offense. The trial court assessed $200in attorney's fees as part of court costs in cause number F09-41136-Y. This appeal followed.

### Admission of Extraneous Offense Evidence

In his first issue, appellant argues the trial court abused its discretion by admitting testimony regarding the possession of marijuana on his person and in his car. He asserts the testimony was irrelevant and unnecessary to the jury's understanding of the charged offenses, and its probative value was substantially outweighed by its prejudicial impact. The State first responds appellant waived his argument, but even if he preserved it, the evidence is "patently same transaction contextual evidence, evidence of motive to evade detention, and intent to evade detention."

We review rulings on the admissibility of evidence under an abuse of discretion standard. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). We will conclude a trial court abused its discretion if its ruling lies "outside the zone of reasonable disagreement." *Id.*

The State first argues appellant failed to preserve his issue for review because defense counsel's request for a running objection to the introduction of the marijuana evidence did not include "counsel's catch-all 401, 403, and 404(b) objections." Therefore, the State contends appellant waived his argument when he failed to object during trial to Detective Hargrove's and Officer Nance's testimony. The following exchange occurred during the motion to suppress hearing:

> [Defense counsel]: Just as it relates to the Court's ruling–can I have a running objection to the–or objection to any marijuana that may be introduced or any testimony that relates to the marijuana that was found on his person and found in the vehicle. And we would object under 401 and 403 and also 404(b), Your Honor.
>
> The Court: Okay. The request for a running objection is granted. All other objections are overruled.

We cannot agree with the State that the record clearly indicates appellant's running objection did not include the "catch-all" objections. Rather, one could read the exchange to mean defense counsel was emphasizing that his request for a running objection was based on rules 401, 403, and 404(b). This interpretation is also supported by the trial court's prior statement that the marijuana was admitted "as inextricably intertwined with the offense." The court's statement overruling all other objections could likewise refer to defense counsel's previous arguments regarding the lack of probable cause to support the search warrant for appellant's vehicle.

Because the record does not clearly support waiver, we reject the State's argument. Therefore, we shall address the merits of appellant's complaint.

Generally, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith. TEX. R. EVID. 404(b). Under certain circumstances, evidence may provide "same transaction contextual evidence." "Same transaction contextual evidence" refers to those events and circumstances that are intertwined,

–4–

inseparable parts of an event that, if viewed in isolation, would make no sense at all. *See Delgado v. State*, 235 S.W.3d 244, 253 (Tex. Crim. App. 2007); *Thomas v. State*, No. 05-07-00266-CR, 2008 WL 3906393, at *4 (Tex. App.—Dallas Nov. 19, 2008, pet. ref'd) (not designated for publication).

Such evidence is admitted to show the context in which the crime occurred "under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so they may realistically evaluate the evidence." *Delgado*, 235 S.W.3d at 253 n.36 (citing *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972)). However, only if the facts and circumstances of the instant offense would make little or no sense without also bringing in the same transaction contextual evidence should that evidence be admitted. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993).

Courts have applied a two-part test in determining the admissibility of same transaction contextual evidence. *See Mayes v. State*, 816 S.W.2d 79, 84–87 (Tex. Crim. App. 1991). The first step is determining whether the presence of marijuana on appellant's person and in his car is relevant under rule of evidence 401. *Id.* at 85; *see also Rogers*, 853 S.W.2d at 32 (Tex. Crim. App. 1993). "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401.

Appellant argues the relevancy of the marijuana to the offenses of evading arrest or aggravated assault of a public servant with a deadly weapon "is negligible," and his possession of marijuana does not make it more probable he would commit the offenses. We disagree. Appellant's possession of an illegal substance explains his possible motive for hitting Detective Hargrove and then fleeing the scene before the drugs could be found on him or inside his car.

*See, e.g., Peterson v. State*, 836 S.W.2d 760, 762 (Tex. App.—El Paso 1992, pet. ref'd) (concluding the trial court did not abuse its discretion by admitting evidence of marijuana, a pistol, and ammunition because it was relevant to show why the defendant assaulted an officer); *Slaughter v. State*, No. 14-05-00863-CR, 2006 WL 2805564, at *3 (Tex. App.—Houston [14th Dist.] Oct. 3, 2006, no pet.) (mem. op., not designated for publication) (noting evidence of illegal drug possession helps prove why the defendant intentionally fled from an officer and is therefore relevant evidence). Thus, the trial court acted within the zone of reasonable disagreement by determining the evidence was relevant.

The next step in the two-part test is to determine whether the background evidence at issue is admissible as an exception under rule of evidence 404(b). *Rogers*, 853 S.W.2d at 33. Admission of same transaction contextual evidence is such an exception. *Id.*

Appellant argues the marijuana evidence was not necessary to the jury's understanding of the charged offenses, and the State could have simply avoided describing the discovery of the drugs. We disagree.

Here, appellant was not acting suspiciously until Detective Hargrove moved closer to the driver's side window, detected a faint smell of marijuana, and began glancing at the steering column, the floorboards, and the backseat of the car. Detective Hargrove testified appellant began to "get real defensive" as he was looking inside the car and told Detective Hargrove, "I'm just going to leave." Detective Hargrove felt appellant was trying to hide something.

It was shortly thereafter that appellant began reaching for something in between the seats, and Detective Hargrove felt he needed to protect himself and the bystanders outside the theater. Appellant's reaction to hit Detective Hargrove with an unknown object and drive away is further indication he did not want the marijuana found. Appellant's behavior provided a possible motive and intent for him to assault an officer and flee the scene. Evidence of an extraneous offense

which shows an accused's motive or intent is admissible. TEX. R. EVID. 404(b); *see Peterson*, 836 S.W.2d at 762.

Thus, the introduction of the marijuana evidence was admissible same transaction contextual evidence because the events and circumstances were clearly intertwined, inseparable parts of the charged offenses that, if viewed in isolation, would not make sense. *See Delgado v. State*, 235 S.W.3d at 253. And as courts have recognized, "events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so they may realistically evaluate the evidence." *Id.* at 253 n.36. Accordingly, the trial court did not abuse its discretion by admitting the evidence. Appellant's first issue is overruled.

## Court-Ordered Attorney's Fees

In his second issue, appellant argues the trial court erred by assessing $200 in court-appointed attorney's fees in cause number F09-41136-Y. Specifically, he claims the trial court twice made a finding of indigency before trial and again after trial, which resulted in him receiving court-appointed attorneys for trial and on appeal. Because there has been no material change in appellant's circumstances since his incarceration, he argues the evidence is insufficient to support an assessment of attorney's fees. The State responds appellant presumes the abbreviation "APAT" on the criminal court fee docket sheet means attorney's fees, but it asserts that without further evidence, this Court may not presume the meaning of the abbreviation. Therefore, the State argues the $200 in fees must stand. We disagree with the State.

Under Texas Code of Criminal Procedure article 26.05, a trial court may order a convicted defendant to pay the attorney's fees of his appointed attorney as costs "[i]f the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(a), (g) (West

Supp. 2012). If the trial court has previously determined that the defendant is indigent, however, he is "presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id.* art. 26.04(p).

The State does not dispute appellant's indigency, but instead relies on the alleged insufficiency of the evidence to support the conclusion that "APAT" is an abbreviation for "appointed attorney" on the criminal court fee docket sheet. Considering the State has conceded in a previous case that "APAT" stands for "appointed attorney," we will not allow it to now take a different position simply because we have nothing in the record before us explaining the meaning of "APAT." *See, e.g., Garza v. State*, No. 05-11-01626-CR, 2013 WL 1683612, at *1 n.1 (Tex. App.—Dallas Apr. 18, 2013, no pet.) (mem. op., not designated for publication) (noting parties agreed that "APAT" stands for "appointed attorney"). Moreover, nothing in the record indicates a material change in appellant's financial circumstances. Accordingly, the evidence is insufficient to support the trial court's assessment of $200in attorney's fees as part of appellant's court costs. We therefore sustain appellant's second issue and modify the judgment in cause number F09-41136-Y to delete the amount of $200assessed as attorney's fees.

## Conclusion

After considering appellant's issues, we modify the judgment in cause number F09-41136-Y to delete the $200in court-ordered attorney's fees, but in all other respects, affirm the trial court's judgments.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120057F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY EUGENE FINNEY, Appellant

No. 05-12-00057-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F09-41136-Y.
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to delete $200.00 in court-ordered attorney's fees.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 8th day of July, 2013.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

# JUDGMENT

LARRY EUGENE FINNEY, Appellant

No. 05-12-00058-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-00250-Y.
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of July, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE